IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD J. MIGYANKO, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>          v.<br><br>DUNHAM'S ATHLEISURE CORPORATION d/b/a DUNHAM'S SPORTS,<br><br>                       Defendant. | Civil Action No. 19-514 |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff's Motion to Stay Proceedings,[1] which is opposed by Defendant. (Docket Nos. 79, 81). For reasons that follow, Plaintiff's Motion will be denied.

Plaintiff's Amended Complaint alleges that Defendant's retail stores violate Title III of the Americans with Disabilities Act ("ADA") by purportedly denying Plaintiff full and equal access to the stores because of persistent and recurring accessibility barriers to internal pathways. (*See generally* Docket No. 13). Plaintiff now seeks to stay this action before filing his motion for class certification, contending that the class certification of an unrelated ADA Title III case presently on appeal to the United States Court of Appeals for the Third Circuit pursuant to Fed. R. Civ. P. 23(f) is expected to "provide a roadmap for class certification in the ADA and 23(b)(2) context." (*See* Docket No. 79, ¶ 4). This unrelated action is *Allen, et al. v. Ollie's Bargain Outlet, Inc.*, Civil Action No. 19-281 (W.D. Pa.) (the "Ollie's Action"), on appeal at Docket No. 21-2121.

---

[1] Plaintiff's Motion also sought to extend the deadline to file a motion for class certification, and the Court previously entered an Order extending the deadline for filing that motion from July 15, 2021 to a new date to be established by further Order of Court upon disposition of the Motion to Stay. (Docket No. 80).

1

This Court has discretion to stay a civil proceeding. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). However, staying a case is an extraordinary measure. *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). Only in "rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. The Court's discretion to stay a matter is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." [2] *Id.* at 254-55.

Here, Plaintiff contends that the instant action and the Ollie's Action are analogous[3] and then speculates that any class certification briefing drafted at this time "may be based on law overturned by the Third Circuit on the Ollie's appeal" and that the appeal "will allow the parties and the Court to receive the most up-to-date guidance . . . ." (*See* Docket No. 79, ¶ 6). Such speculation that the Third Circuit *may* overturn extant precedent in an unrelated action *at some point in the future* on issues that *may* apply here is woefully insufficient to establish grounds for a stay. First, denial of a stay here would not prejudice Plaintiff because the parties would be expected to file briefs based upon existing law. The parties may always seek leave to file

---

[2] Factors to be weighed may include: (1) the plaintiff's interests and the potential prejudice to the plaintiff of a delay; (2) the prejudice to the defendant; (3) the interest of the Court; (4) the interest of third parties; and (5) the interest of the public. *Int'l Fidelity Ins. Co. v. Podlucky*, Civ. No. 07-0235, 2007 WL 2752139 at *2, *3 (W.D. Pa. Sept. 19, 2007) (citing *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 55 (E.D. Pa. 1980)); *see also Douglas v. Brookville Area Sch. Dist.*, No. 2:10-cv-1087, 2010 WL 4720852, at *1 (W.D. Pa. Nov. 15, 2010) (providing similar factors).

[3] Plaintiff's Motion contends that the instant action and the Ollie's Action are "analogous" and "contains substantially similar allegations," yet fails to provide any support for this contention. (*See* Docket No. 79, ¶ 3). Defendant argues that other than implicating Title III of the ADA, "there is no fact or circumstance linking [the instant action and the Ollie's Action,] . . . they . . . are brought by different plaintiffs, involve different stores and uniquely different plaintiff experiences (purportedly), implicate different policies, practices, and ultimately rest on different evidentiary showings." (*See* Docket No. 81 at 6-7).

supplemental briefs in the event, however likely or unlikely, that the Third Circuit changes applicable precedent during the pendency of Plaintiff's forthcoming motion for class certification. Seeking leave to file supplemental briefs at that juncture would not impose any undue burden or prejudice upon Plaintiff.  Second, staying this action for an unknown and potentially lengthy period would prejudice Defendant's interest in adjudicating class certification expeditiously. The public, third parties, and the Court share this interest in proceeding expeditiously and thus these factors also weigh against entry of a stay.  Accordingly, the Court enters the following Order:

AND NOW, this 16th day of August, 2021,

IT IS HEREBY ORDERED that Plaintiff's Motion to Stay Proceedings (Docket No. 79) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for class certification and supporting brief shall be filed by **October 4, 2021**, Defendant's response thereto shall be filed by **November 4, 2021**, and Plaintiff's reply, if any, is due by **November 18, 2021**.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record